# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Theresa A. Hoover, | ) |
|     Plaintiff/Counter-Defendant/ | ) |
|     Third-Party Plaintiff, | ) |
| vs. | ) No. 04-0908-CV-W-FJG |
| Metropolitan Life Insurance Company, | ) |
|     Defendant/Counterclaimant, | ) |
| vs. | ) |
| American Express Company, | ) |
|     Third-Party Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff/Counter-Defendant/Third-Party Plaintiff Hoover's Motion to Join American Express Travel Related Services Company, Inc. as an additional third-party defendant (Doc. No. 21). Hoover's motion is unopposed. Hoover seeks joinder of American Express Travel Related Services Company, Inc. under Federal Rule of Civil Procedure 19(a).

In the present case, Hoover filed this cause of action against Defendant Metropolitan Life Insurance Company ("Metropolitan"), claiming that Metropolitan failed to pay certain long-term disability benefits to which plaintiff alleges she is entitled. Metropolitan filed a counterclaim against Hoover, claiming that she owes Metropolitan $10,924.85 in overpayment of disability benefits. Hoover then filed a third-party complaint against American Express Company, who Hoover believed to be her employer and the party to a worker compensation settlement in which "American Express" agreed to "defendant, indemnify and hold harmless" Hoover from certain claims. See Doc. No. 7.

Hoover now states that counsel for third-party defendant American Express

Company has represented that American Express Company is the incorrect party to this suit, and that the correct third-party defendant is American Express Travel Related Services Company, Inc, a wholly owned subsidiary of American Express Company. Hoover, however, states that this issue has not been clarified by any documents produced by third-party defendant.

The deadline for filing motions to join additional parties was April 1, 2005. Hoover timely filed this motion on March 31, 2005. Hoover asserts that in the absence of American Express Travel Related Services Company, Inc., complete relief cannot be accorded among those already parties and would leave Hoover subject to a substantial risk of inconsistent obligations.

For good cause shown, Hoover's motion to join American Express Travel Related Services Company, Inc. as a third-party defendant (Doc. No. 21) is **GRANTED**. Hoover shall file the proposed amended third-party complaint (attached to Doc. No. 21) via ECF on or before **MAY 13, 2005.**

**IT IS SO ORDERED.**

      /s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: May 10, 2005.
Kansas City, Missouri.